IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00626-BNB

DERICK W. BRIGGS,

    Applicant,

v.

LAURIE L. STRONG,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

    Applicant, Derick W. Briggs, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Briggs initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) that was not signed. On March 14, 2014, Mr. Briggs filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) that is signed. Mr. Briggs contends his constitutional rights are violated because his parole officer refuses to lift a parole hold.

    The court must construe the amended application liberally because Mr. Briggs is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Briggs will be ordered to file a second amended application if he wishes to pursue his federal constitutional claims in this action.

    The amended application is deficient. First, the law is well-established that the

only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Mr. Briggs alleges that he currently is incarcerated at the Denver County Jail.  Therefore, he should name as a Respondent his custodian at that facility.

The amended application also is deficient because Mr. Briggs fails to provide specific factual allegations in support of his claims that demonstrate his constitutional rights have been violated and that he is entitled to habeas corpus relief.  Although the court must construe the amended application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Briggs "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Briggs must provide specific factual allegations in support of the federal constitutional claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of

constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Briggs file a second amended application that names a proper Respondent and that clarifies the claims he is asserting in this action. It is

FURTHER ORDERED that Mr. Briggs shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Briggs fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED March 17, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge